UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LASHAUNNA BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 12-345-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BOSCH REXROTH CORPORATION, | ) | **MEMORANDUM OPINION** |
| et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Plaintiff LaShaunna Banks's motion for leave to file an amended complaint. [Record No. 15] She seeks to join a new defendant — Valenda Allen, Human Resources Director at Bosch Rexroth Corporation — and add allegations in support of her retaliation claim. The motion is timely under the Scheduling Order entered on December 19, 2012. [Record No. 7, p. 3] Defendants Bosch Rexroth Corporation, Dan Reynolds, and Geoff O'Nan oppose the motion on the grounds of undue delay and prejudice. For the reasons discussed below, the Court will grant the relief requested by Banks.

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant a motion for leave to amend lies within the sound discretion of the district court; however, the United States Supreme Court has instructed that Rule 15's permissive language "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This liberal policy of granting

-1-

amendments is premised on the desirability of hearing the plaintiff's claims on the merits. *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986). Generally, a plaintiff's motion for leave to amend should be granted absent a justifiable reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182. In applying these factors, the Sixth Circuit has repeatedly emphasized that "[d]elay by itself is not sufficient reason to deny a motion to amend." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) (citations omitted).

The defendants argue that Banks "engaged in unreasonable and inexcusable delay" in seeking to add a new defendant at this stage of the proceedings. [Record No. 18, p. 4] In her motion, Banks states that the May 23, 2013 deposition of Valenda Allen made it "abundantly clear that her actions directly contributed to the harm suffered by LaShaunna Banks." [Record No. 15, pp. 1-2] According to the defendants, however, Banks was "on notice of Ms. Allen's involvement in the termination" from the early stages of the litigation, if not before. [Record No. 18, p. 3 (citing Record No. 18-2 (EEOC Questionnaire))] Therefore, they maintain that Banks should have sought to amend her complaint earlier.

However, the case that the defendants cite in support of this argument is inapposite. In *Doss v. W. Rogers Co.*, No. 3:10-CV-532, 2012 WL 902941 (E.D. Tenn. Mar. 15, 2012), the district court denied a motion for leave to amend that was filed "after the deadline for amendment of the pleadings, after the deadline for filing dispositive motions, and after discovery

has closed." *Id.* at *3. As a result, the *Doss* plaintiff had to satisfy the fairly rigorous standard contained in Rule 16(b) before the court could consider the underlying motion to amend. *See Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (requiring moving party to demonstrate "due diligence in attempting to meet the case management order's requirements"). Banks does not seek to extend the Scheduling Order deadlines, so the requested amendment is considered under the more lenient guidelines under Rule 15(a). Additionally, because Banks has not sought the amendment at a "late stage of litigation," she does not face any "'increased burden to show justification for failing to move earlier.'" *Doss*, 2012 WL 902941, at *3 (quoting *Bridgeport Music, Inc. v. Dimension Films*, 401 F.3d 647, 662 (6th Cir. 2004)). Therefore, without a showing that Banks acted in bad faith or from a dilatory motive, the lapse of time alone is not a sufficient basis for the denial of her motion.[1]

The defendants also assert that the requested amendment would be unduly prejudicial. To determine whether a requested amendment would result in prejudice to the defendants, the Court must consider whether granting leave to amend would "require the opponent to expend *significant* additional resources to conduct discovery and prepare for trial [or] *significantly* delay the resolution of the dispute." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (emphasis added). The defendants argue that the amendment will necessitate additional written discovery, which will "result in additional costs to all of the Defendants in this case." [Record No. 18, p. 4] Further, they contend that the joinder of Allen may result in the defendants taking a second

---

[1] Despite the defendants' assertions that Banks knew or should have known of Allen's involvement in her termination, there is no evidence of any "obvious design of dilatoriness to harass the opponent." *Moore*, 790 F.2d at 562 (internal quotation marks omitted).

deposition of the plaintiff, "a costly and time-consuming endeavor."[2] [*Id.*]  However, the defendants have not shown that these additional costs would be significant or unduly burdensome, and there does not appear to be any serious danger of a delayed resolution to the action because the discovery deadline is October 15, 2013.  [Record No. 7]  In short, the potential costs and delays are not so substantial that the resulting prejudice to the defendants would be undue.  The defendants, therefore, have failed to make a "significant showing of prejudice." *Moore*, 790 F.2d at 562.

Accordingly, it is hereby

**ORDERED** as follows:

1.  Plaintiff LaShaunna Banks's Motion for Leave to File Amended Complaint [Record No. 15] is **GRANTED**.  The Clerk of the Court is directed to file the Amended Complaint [Record No. 15-1] in the record.

2.  To the extent that the defendants' response contains a request for additional written discovery or depositions, that request is **DENIED**, without prejudice.

This 21st day of June, 2013.



---

[2] The defendants request that the Court "allow a second deposition of Plaintiff and additional written discovery." [Record No. 18, p. 5]  Because this request is overly broad and because the defendants have not established that such additional discovery will even be necessary, the request will not be granted at this time. However, the Court will entertain a motion for leave to serve additional discovery at a future date if the need arises.