UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| LASHAUNNA BANKS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 12-345-DCR |
| ) | |
| V. ) | |
| ) | |
| BOSCH REXROTH CORPORATION, ) | **MEMORANDUM OPINION** |
| et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendants Bosch Rexroth Corporation ("Bosch"), Dan Reynolds, Geoff O'Nan, and Valenda Allen's (collectively, the "Individual Defendants") motion to dismiss or, in the alternative, for a more definite statement. [Record No. 25] In response, Banks argues that her Amended Complaint meets the federal pleading standard and that the claims should not be dismissed. Alternatively, she asks for leave to file a Second Amended Complaint. [Record No. 27] For the reasons set forth below, the motion to dismiss will be granted, in part, and denied, in part. The motion for a more definite statement will also be granted. As a result, Banks will be required to file an amended pleading, subject to the restrictions outlined below.

**I.**

Plaintiff LaShaunna Banks was fired after working as an assembler for Defendant Bosch for approximately eight years. [Record No. 20, p. 2 ¶ 5] The Individual Defendants were

-1-

employees of Bosch during the time relevant to Banks' claims. [*Id.* ¶¶ 3, 4] Banks claims to suffer from disabling migraines which allegedly required her to be absent from her work station or leave work entirely. [Record No. 20, p. 2 ¶ 7] As a result, she requested, and was granted intermittent leave pursuant to the Family Medial Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601. [*Id.* p. 3 ¶ 10] Banks claims that all of the defendants denied and/or impeded her access to her worksite, refused to accommodate her disability, and discriminated against her due to her disability. [*Id.* ¶ 11] She complained to various entities, including the Equal Employment Opportunity Commission, the Lexington-Fayette Urban County Human Rights Commission, and her union about her employer's behavior and calculation regarding her FMLA hours. [*Id.* ¶ 12; Record No. 27, p. 4] On or about July 10, 2012, following these complaints, Banks' was terminated. [Record No 20, p. 3 ¶ 13] She alleges that her termination was a result of the exercise of her FMLA rights, and that she was on approved FMLA leave when terminated. [*Id.* ¶¶ 14, 15]

Banks filed her Complaint in the Fayette Circuit Court. The defendants then removed the action to this Court. [Record No. 1] After removal, Banks requested and received permission to file an Amended Complaint to assert claims against Defendant Allen based on Allen's deposition testimony. The Amended Complaint states the following claims against all of the defendants: (i) FMLA interference under 29 U.S.C. § 2615(a)(1); (ii) FMLA retaliation under 29 U.S.C. § 2615(a)(2); (iii) disability discrimination in violation of the Kentucky Civil Rights Act ("KCRA") under KRS § 344.040; (iv) failure to accommodate in violation of the KCRA under KRS § 344.040; (v) unlawful retaliation in violation of the KCRA under KRS §

344.0280; (vi) negligence, negligent hiring, negligent training, negligent supervision, and negligent retention; (vii) punitive damages; and (viii) outrage and intentional infliction of emotional distress ("IIED"). [Record No. 20, pp. 3-8]

The defendants argue that all counts should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because: (i) Banks' KCRA claims are not properly asserted against the Individual Defendants; (ii) the IIED, FMLA, and punitive damages claims are insufficiently pled; (iii) Banks' negligence claims are improperly asserted against the Individual Defendants; and (iv) the Amended Complaint does not meet federal pleading standards because it fails to distinguish between the multiple defendants.

## II.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the subject complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

In considering a 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted). However, the Court need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation."). Thus, Rule 12(b)(6) essentially "allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery." *Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP*, 601 F. Supp. 2d 991, 997 (W.D. Tenn. Mar. 10, 2009).

### III.

#### A. KCRA's Applicability to Individual Defendants

The Individual Defendants contend that the KCRA claims should be dismissed because it is well-established in this circuit that individuals cannot be liable under the Act. *Wathen v. GE*, 115 F.3d 400, 404-05 (6th Cir. 1997). In *Wathen*, the Sixth Circuit explained that the language of the KCRA mirrors Title VII of the Civil Rights Act of 1974 defining employers. *Id.* at 405. As a result, KCRA claims do not permit liability of individuals because they would not be

considered "employers" as defined by the two statutes. *Id.* at 404-05. Additionally, the Supreme Court of Kentucky has held that an individual cannot qualify as an employer as defined in the KCRA and therefore cannot be liable for claims arising under the KCRA. *Palmer v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 882 S.W.2d 117, 119 (Ky. 1994).

However, the Sixth Circuit and the Supreme Court of Kentucky have limited this general rule. While KCRA claims cannot typically be asserted against individuals, an individual can be liable for retaliation. *See Morris v. Oldham Cnty. Fiscal Ct.*, 201 F.3d 784, 793-94 (6th Cir. 1997); *Brooks v. Lexington-Fayette Urban Cnty. Hous. Auth.*, 132 S.W.3d 790, 808 (Ky. 2004). The Sixth Circuit has indicated that the retaliation provision of the act (KRS § 344.280), states "it shall be an unlawful practice for a *person, or for two (2) or more persons* to . . . retaliate . . . ." (emphasis in original). *Morris*, 201 F.3d at 793-94. "Person" is defined in the Act to include "one (1) or more *individuals*." KRS § 344.010(1) (emphasis added). Due to the different definitions, individuals may be held liable for retaliation. *Morris*, 201 F.3d at 793-94.

While not meeting the definition of "employer", the Individual Defendants do satisfy the definition of persons. Thus, the retaliation claims in Count Five against the Individual Defendants are not barred by the language of the statute and the KCRA retaliation claims will not be dismissed. However, the discrimination and failure to accommodate claims (in Count Three and Four) will be dismissed concerning the Individual Defendants, as they do not qualify as employers under the KCRA.

**B.     IIED**

The defendants next claim that Banks has failed to state a claim of IIED because it is based on discriminatory termination and is subsumed by the KCRA.[1] [Record No. 25-1, pp. 3-5] To state a claim for IIED, a plaintiff must show that: (i) the wrongdoer's conduct is intentional or reckless; (ii) the conduct is outrageous and intolerable in that it offends the generally accepted standards of decency and morality; (iii) there is a causal connection between the wrongdoer's conduct and the emotional distress; and (iv) the distress suffered must be severe. *Osborne v. Payne*, 31 S.W.3d 911, 913-14 (Ky. 2000). An IIED claimant must allege conduct that is "beyond all decency." *Humana of Ky., Inc. v. Seitz*, 796 S.W.2d 1, 4 (Ky. 1990).

Here, Banks has alleged that discrimination and termination constitutes a cause of action for IIED. [Record No. 27, p. 8] This Court has held, the "mere termination of employment and the resulting embarrassment do not rise to the level of outrageous conduct and resulting severe emotional distress necessary to support a claim for IIED." *Stevens v. Saint Elizabeth Med Ctr. Inc.*, No. 2: 10-20-DCR, 2013 WL 298307, at *5 (E.D. Ky. Fed. 1, 2012) (citations omitted); *see also Stanley v. Our Lady of Bellefonte Hosp., Inc.*, No. 11-110-DLB, 2012 WL 4329265, at *10 (E.D. Ky. Sep. 20, 2012); *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999) (holding that an employee's termination, even based on discrimination, does meet the standard of extreme and outrageous).    However, Banks also has made assertions in addition to discriminatory termination.  She claims that the defendants prevented access to her worksite and discriminated

---

1       The IIED claim is listed in the Amended Complaint as Count Seven.  However, it is actually the eighth count asserted. [Record No. 20, p. 8]  For the purposes of this opinion, the IIED claim will be construed as Count Eight, while the punitive damage claim will be considered Count Seven, although it is a request for damages rather than a separate count.

against her due to her disability prior to her termination. [Record No. 20, p. 3 ¶ 11] Additionally, courts are reluctant to say such conduct does not reach "outrageous and intolerable conduct" as a matter of law. *Stanley*, WL 4329265, at *10; *see also Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F. Supp. 2d 694, 697 (W.D. Ky. 2000) (holding that it would be "unfairly presumptuous" for a court to conclude that the facts known and those developed through discovery give no reasonable basis for the defendants' actions offending the accepted standards of morality or decency).

While the Court would not dismiss Banks' IIED claim based on the defendants' initial argument, the defendant are entitled to relief because the claim is subsumed by the KCRA. [Record No. 25-1, pp. 3-5] Generally, a plaintiff cannot make a claim for IIED for the same conduct that gives rise to a KCRA claim. The KCRA permits recovery for emotional damages such as humiliation and embarrassment. *See McNeal v. Armour & Co.*, 660 S.W.2d 957, 958–59 (Ky. Ct. App. 1983); *see also Mitchell v. Seaboard S. R.R.*, 883 F.2d 451, 454 (6th Cir.1989) (explaining that the KCRA authorizes recovery for "damages for humiliation and emotional distress."). When a plaintiff has an existing form of recovery for emotional distress under the KCRA, the claim for IIED is subsumed by the statutory cause of action. *See Messick v. Toyota Motor Mfg., Inc.*, 45 F. Supp. 2d 578, 582 (E.D. Ky. 1999); *see also McDonald's Corp. v. Ogborn*, 309 S.W.3d 274, 286 (Ky. Ct. App. 2009) (opining that it is a "well-established principle" that IIED claims are preempted by KCRA claims). Here, Banks has asserted several KCRA claims which, if successful, would allow her to seek damages for emotional distress. The KCRA claims are based on the same conduct that underlies the her IIED claim.

Banks argues that Kentucky law provides an exception to this rule. [Record No. 27, pp. 8-9 (citing *Pucke v. J.A. Mower Co. Inc.*, 237 S.W.3d 564, 566 (Ky. Ct. App. 2007)] However, in *Pucke*, all the KCRA claims had been previously dismissed, so the issue became whether her IIED claim could still be asserted. 237 S.W.3d at 566. In fact, the plaintiff in *Pucke* sought relief on appeal from summary judgment on her IIED claim, not her KCRA claims. *Id.* at 566 n. 5. Therefore, the issue was limited to the effect of dismissed KCRA claims on a current IIED claim. This does not apply here, as some of the claims under the KCRA will remain concerning each defendant. Thus, the Court concludes that the IIED claim is subsumed by the KCRA claims and will be dismissed.

**C.     Negligence**

The defendants argue that Banks' negligence claim isinsufficiently pleaded and should be dismissed. [Record No. 25-1, pp. 5-6] In response, Banks contends that the pleading gives the defendants notice of the substance of the claim and its grounds and is pleaded sufficiently. [Record No. 27, p. 10] Count Six of Banks' Amended Complaint alleges negligence and negligent hiring, training, supervision, and retention. [Record No. 20, pp. 7-8] The substantive allegations in Count Six are that:

42.   The Defendants had a duty to the Plaintiff to prevent foreseeable harm and discrimination against the Plaintiff.

43.   The Defendants breached their duties, by negligently hiring, training, supervising, and/or retaining the Defendants, Dan Reynolds, Geoff O'Nan and Valenda Allen.

44.   As a direct and proximate result of the Defendants' negligence, the Plaintiff has been caused to suffer damages.

[*Id.*]

Even considering the factual allegations incorporated into this claim, it remains deficient. Without more than the bare assertions and legal conclusions contained in the Amended Complaint, there is not enough information to make these assertions facially plausible. *Twombly*, 550 U.S. at 555 ("[Platintiff's pleading] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *see also Iqbal*, 556 U.S. at 663 ("A claim has facial plausibility when the pleaded content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged."). The conclusory allegations listed in Count Six are essentially a recitation of some of the elements of the cause of action which is insufficient under the federal pleading standard. *Id.* at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, does not suffice."). Banks general negligence claim contains nothing more than a formulaic recitation of the elements followed by legal conclusions. Additionally, there are simply no facts alleged in the Amended Complaint that mention any of the defendants hiring, training, supervision, or retention activities. As a result, this claim is deficient under federal pleading standards.

Further, the Amended Complaint does not give fair notice concerning the claim for which the defendants are alleged to be liable. The Amended Complaint does not state what the various roles of the Individual Defendants or whether they had the authority to train, supervise, retain, or hire employees. In this regard, paragraph 43 is especially confusing. It states that the defendants, as a whole, "breached their duties, by negligently hiring, training, supervising, and/or retaining the Defendants, Dan Reynolds, Geoff O'Nan and Valenda Allen." [Record No. 20,

p. 7 ¶ 43]  The allegation in this paragraph seems to assert that the Individual Defendants are liable for negligently hiring, training, supervising, and retaining themselves.  Without more specificity concerning the Individual Defendants and the factual allegations supporting this claim, it is insufficiently pleaded.

Additionally, the contentions in Count Six do not include all of the necessary elements to establish a *prima facie* case.  Under Kentucky law, a plaintiff claiming negligent hiring or retention must show that the employer knew or should have known that the employee was unfit for the job for which he was employed and the employee's placement at that job created an unreasonable risk of harm to the plaintiff.  *Stalbosky v. Belew,* 205 F.3d 890, 894 (6th Cir. 2000) (citing *Oakley v. Flor–Shin Inc.,* 964 S.W.2d 438, 442 (Ky. Ct. App. 1998)).  To properly state a claim for negligent supervision or training, a plaintiff must demonstrate that the employer "knew or had reason to know of the risk that the employment created."  *Stanley v. Our Lady of Bellefonte Hosp., Inc.*, No. 11-110-DLB, 2012 WL 4329265, at *8  (E.D. Ky. Sept. 20, 2012) (citing *Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003); *see also Carberry v. Golden Hawk Transp. Co.*, 402 S.W.3d 556, 564 (Ky. Ct. App. 2013).  Banks' Amended Complaint fails to make the required allegations, which is a basis for dismissal of the claim.  *See Warner v. Bob Evans Farms, Inc.*, No. 5:09-63-KKC, 2010 WL 1451354, at *3 (E.D. Ky. Apr. 8, 2010) (where the court dismissed the negligent hiring and retention claims when plaintiff did not allege that defendant knew of employee's unfitness at time of hiring).  Further, the Amended Complaint does not contain any factual allegations that would lead to a reasonable inference that the defendants were liable for these claims.  Therefore, dismissal is appropriate.

### D. Punitive Damages

The defendants also seek to dismiss Banks' claim for punitive damages because they assert that it is insufficiently pled. [Record No. 25-1, pp. 8-9] However, this question need not be answered because this "claim" is actually a prayer for relief and not a separate cause of action. *See Toon v. City of Hopkinsville*, No. 5:09-CV-37, 2011 WL 1560590, at *3 n. 6 (W.D. Ky. Apr. 14, 2011). However, to the extent that Banks is seeking to assert punitive damages as a separate cause of action, the claim will be dismissed.

### E. FMLA Retaliation and Interference

There are two theories of recovery available under the FMLA: an interference and a retaliation theory. *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 446 (6th Cir. 2007) (citing *Edgar v. JAC Prods. Inc.*, 443 F.3d 501, 507 (6th Cir. 2006)). Banks has alleged both theories under the FMLA. [Record No. 20, pp. 3-5] The defendants argue that because Banks did not allege the manner in which the Individual Defendants exercised control over her ability to take FMLA leave, these claims should be dismissed. [Record No. 25-1, pp. 7-8 (citing *Johnson v. A.P. Products.*, 934 F. Supp. 625, 627-629 (S.D. N.Y. 1996).] In *Johnson*, despite the pleading deficiency, the court allowed the plaintiff leave to amend. *Id.* at 629. However, *Johnson* is not controlling for the plaintiff's position and does not find support in this circuit.

While *Twombly* and *Iqbal* held that a complaint must state a plausible claim (and not just a possible claim), the Sixth Circuit has warned against reading theses opinions as "the death of notice pleading." *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (quoting *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012)). The standard does not demand highly

specific factual allegations to satisfy the plausibility requirement, but whether "the plaintiff plead[ed] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." *Keys*, 684 F.3d at 610.

Banks alleges that she: (i) suffered from disabling migraines that caused her to be absent for work; (ii) was granted FMLA leave because of her condition; (iii) made complaints to the Equal Employment Opportunity Commission, state labor relations board, the defendants, and her union; and (iv) was terminated, while on FMLA leave, in response to those and other complaints. [Record No. 20, pp. 2-5] Taking the factual assertions asserted as true, the plaintiff has alleged sufficient facts to support a reasonable inference that the defendants interfered and retaliated against Banks in violation of the FMLA. However, these claims are still vague. The Amended Complaint does not specify what positions the defendants held, how they exercised control over the plaintiff, or how they controlled her termination. Indeed, the defendants claim that Defendant O'Nan did not have the ability to terminate Banks' employment. [Record No. 29, p. 3] Therefore, it is necessary to further analyze the issue.

F.  **Distinguishing Between the Individual Defendants**

The defendants argue that the Amended Complaint does not meet the federal pleading standards because it does not distinguish between the multiple defendants. [Record No. 25-1, pp. 6-7] They cite to *Magluta v. Samples*, contending that the Eleventh Circuit has concluded that a complaint does not meet the federal pleading standards when it fails to distinguish between

defendants. [Record No. 25-1, p. 6 (citing 256 F.3d 1282, 1284 (11th Cir. 2001))] In that case, the complaint was fifty-eight pages, listed fourteen defendants, and charged each defendant in every count despite geographic and temporal impossibility. *Magluta*, 256 F.3d at 1284. The Court found the complaint failed to provide a "short and plain statement of the claim" as required by Rule 8. *Id*; Fed. R. Civ. P. 8(a)(2).

Similarly, the claims in Banks' Amended Complaint lack specificity. The pleading fails to provide notice regarding which specific defendant is liable for which count and can fairly be described as a "shotgun pleading."[2] In the Amended Complaint, each defendant is listed in each count with no mention of his individual role or action. Instead, each count incorporates all of the antecedent factual and legal allegations. As a result, it is difficult to determine which factual allegations are intended to support which claim. This leads to several confusing issues regarding specific claims. For example, as discussed above, the Amended Complaint seems to asserting that Individual Defendants negligently hired, trained, supervised, and retained themselves. [Record No. 20, p. 7 ¶ 43] Further, there is a claim for retaliation against Defendant O'Nan but the defendants claim that O'Nan "undisputedly did not have the power to terminate Plaintiff's employment." [Record No. 29, p. 3] Additionally, grouping all of the defendants together has the effect of causing legally improper claims to be made, such as individual claims for KCRA discrimination.

In summary, the Amended Complaint does not provide notice to the defendants regarding which counts would subject them to liability, rendering a response difficult. However,

---

3    A shotgun pleading is one "throw[s] everything against the wall and hop[es] something sticks." *Krusinski v. U.S. Dept. Of Agriculture*, No. 92-4026, 1993 WL 346858, at *5 (6th Cir. Sept. 20, 1993).

dismissal of the entire Amended Complaint is not the appropriate remedy to address the issues raised by a shotgun pleading. In *Magluta*, the Eleventh Circuit remanded the issue to the district court to allow the party to replead. 256 F.3d at 1285. In other cases, a more definite statement has been found to be appropriate relief. *See Fadel v. Nationwide Mut. Fire Ins. Co.*, No. 3:12-CV-00337-H, 2012 WL 5878728, at *8 (W.D. Ky. Nov. 21, 2012).

### G. Leave to Amend or More Definite Statement

Banks also requests leave to file a Second Amended Complaint if the Court is inclined to grant the defendants' motion. [Record No. 27, pp. 14-15] Plaintiffs are generally not "entitled to an advisory opinion from the district court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008) (citations omitted). However, the Federal Rules of Civil Procedure provide that a district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard is tempered by countervailing interests such as avoiding undue delay, repeated failure to cure deficiencies, and futility. *Riverview Health Inst. LLC v. Med. Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). But, if a motion to amend is made after the scheduling order deadline, the party requesting leave must show good cause. Fed. R. Civ. P. 16(b)(4). In this case, the deadline for filing such a motion was June 3, 2013. [Record No. 7, p. 3] The request for leave to amend was contained in Banks' response to the motion to dismiss, filed on August 9, 2013. [Record No. 27, pp. 14-15]

The key determination in finding good cause is the moving party's "diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*, 281

F.3d 613, 625 (6th Cir. 2002). Another factor for consideration is the possibility of prejudice to the opposing party. *Inge*, 281 F.3d at 625. Additionally, a court may find good cause where there has been delay in the discovery process or other extensions. *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005).

Banks argues that the Court should grant leave to file a Second Amended Complaint "in the interests of fairness and justice." [Record No. 27, p. 15] Courts are to freely grant leave to amend as justice requires under Rule 15. However, a party must assert more than the "interests of justice" when the request is past the deadline set under Rule 16. Specifically, Banks must demonstrate good cause. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."). Without more than an argument to general principles of fairness and no mention of good cause, this request fails the requirements of Rule 16(b).

Additionally, this request was not clearly presented as a motion and Banks provided no proposed pleading to support the request. *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 853 (6th Cir. 2006) (holding that the district court did not abuse its discretion by denying the plaintiff's first request for leave to amend her complaint because she failed to state the grounds with particularity and did not clearly present the request as a distinct motion). With no proposed Amended Complaint, the Court cannot conclude that granting leave to amend would cure the deficiencies identified. Further, the mere fact that the plaintiff is seeking leave to file a Second Amended Complaint in light of the Court's disposition of the motion to dismiss is not a

sufficient showing of good cause. *Scheel v. Harris*, No. 3:11-17-DCR, 2012 WL 5497967. at *1 (E.D. Ky. Nov. 13, 2012) ("[The plaintiff] cannot use its own late dismissal of claims as evidence that it diligently attempted to meet the Scheduling Order's deadlines.").

Indeed, if the mere granting of a motion to dismiss was sufficient to show good cause under Rule 16, leave to file an amended complaint would almost always be granted. This would render the "good cause" requirement pointless. Banks asserts that new facts derived from the deposition of Defendant Allen help buttress her claims. [Record No. 17, p. 4] However, these facts were discovered when the Amended Complaint was filed and Banks did not include them. [*See* Record No. 20]

Further, under a Rule 15 analysis, allowing the plaintiff to file a Second Amended Complaint would be futile for some claims. As discussed above, the KCRA claims of discrimination and failure to accommodate asserted against the Individual Defendants and the IIED claim are prohibited as a matter of law. Therefore, granting leave to amend is not the proper vehicle for addressing the issue of specificity. The more appropriate relief will be granting the defendants' motion for a more definite statement.

The defendants request a more definite statement regarding the detail and specificity of which factual allegations and claims apply to each defendant. [Record No. 25-1, p. 9] As discussed above, the Amended Complaint fails to meet the specificity requirement for several reasons. While generally disfavored, motions for a more definite statement are proper when the factual allegations do not correspond clearly to claims for relief and when the legal claims do not correspond clearly to the multiple defendants in the complaint. *See Anderson v. Dist. Bd. of Trustees*

*of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996) *see also McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Both are applicable here, as the Amended Complaint incorporates all of the previous factual assertions in each count and does not distinguish between the defendants for each claim. Therefore, the defendants' motion for a more definite statement will be granted regarding the claims not dismissed.

**IV.**

Banks' Amended Complaint is deficient in several ways. The claims in Count Three and Four concerning Individual Defendants are barred as a matter of law as is the IIED claim in Count Eight. Additionally, the negligence claims in Count Five are insufficiently pled. However, the Court will allow the plaintiff to file a more definite statement regarding the claims not dismissed. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendants Bosch Rexroth Corporation, Dan Reynolds, Geoff O'Nan, and Valenda Allen's motion to dismiss [Record No. 25] is **GRANTED**, in part, with respect to the following claims and parties:

    a. Count III and IV, as it pertains to the Defendants Dan Reynolds, Geoff O'Nan, and Valenda Allen;

    b. Count VI, in its entirety;

    c. Count VII, in its entirety;

    d. Count VIII, in its entirety.

2. The defendants motion to dismiss [Record No. 25] is **DENIED**, with respect to the remaining counts.

3. Plaintiff Lashaunna Banks' request for leave to file a Second Amended Complaint is **DENIED**. However, the defendants' request for a more definite statement is **GRANTED**.

4. The plaintiff is directed to a file a more definite statement within ten days of the entry of this Memorandum Opinion and Order.

This 5th day of March, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge