UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LASHAUNNA BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 12-345-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BOSCH REXROTH CORPORATION, | ) | **MEMORANDUM OPINION** |
| et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Defendants Bosch Rexroth Corporation ("Bosch"), Dan Reynolds, Geoff O'Nan, and Valenda Allen have moved the Court to exclude the opinion and testimony of the plaintiff's proposed expert witness, Scott R. Bauries, J.D., Ph.D. [Record No. 37] They argue that Bauries is not qualified as an expert and that his testimony is irrelevant, unreliable and includes inadmissible legal conclusions. For the reasons set forth below, the motion will be denied, in part, and granted, in part.

**I.**

Plaintiff LaShaunna Banks was fired after working as an assembler for Defendant Bosch for approximately eight years. [Record No. 20, p. 2 ¶ 5] The individual Defendants were employees of Bosch during the time relevant to Banks' claims. [*Id.* ¶¶ 3, 4] Banks alleges that she suffers from migraines that occasionally required her to leave her work station and miss work. [Record No. 20, p. 2 ¶ 7] Banks requested and was granted intermittent leave under the

Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601. [*Id*. p. 3 ¶ 10] She claims that all of the defendants denied and impeded access to her work station, did not accommodate her disability, and discriminated against her because of her disability. [*Id*. ¶ 11] Banks made formal complaints to the Equal Employment Opportunity Commission, the Lexington-Fayette Urban County Human Rights Commission, and her union about the defendants' alleged behavior and issues surrounding the calculation of her FMLA hours. [*Id*. ¶ 12; Record No. 27, p. 4]

On July 10, 2012, Banks left Bosch. [Record No. 20, p. 3 ¶ 13] The parties dispute whether she was placed on paid suspension or was terminated on that date; however, it is undisputed that Banks was eventually terminated. [Record No. 51, p. 4] She alleges that her termination was a result of her reports and the exercise of her FMLA rights, and that she was on approved FMLA leave when terminated. [*Id*. ¶¶ 14, 15]

Banks filed an Amended Complaint, asserting claims against Defendant Allen based on his deposition testimony. [Record Nos. 15, 19] The Amended Complaint alleges: (i) FMLA interference under 29 U.S.C. § 2615(a)(1); (ii) FMLA retaliation under 29 U.S.C. § 2615(a)(2); (iii) disability discrimination in violation of the Kentucky Civil Rights Act ("KCRA") under KRS § 344.040; (iv) failure to accommodate under KRS § 344.040; (v) unlawful retaliation under KRS § 344.0280; (vi) negligence, negligent hiring, negligent training, negligent supervision, and negligent retention; and (viii) outrage and intentional infliction of emotional distress ("IIED"). [Record No. 20, pp. 3-8] The Court dismissed the KCRA claims of discrimination and failure to accommodate against the individual Defendants and the negligence, IIED, and punitive damages claims in their entirety. [Record No. 53]

Because Banks claims FMLA interference, an accurate calculation of her right to leave under the FMLA is required. *Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 613 (6th Cir. 2013). As a result, Banks hired Bauries to calculate the actual amount of FMLA leave she had accumulated when she was allegedly terminated. According to Bauries, Banks had 186.93 hours of FMLA leave at the time she left Bosch. [Record No. 39-11, p. 1] He also indicates that Bosch failed to inform Banks of the exhaustion of her leave time and concludes that these actions, in light of her subsequent termination, constitutes a breach of the FMLA. [*Id.*] The defendants seek to exclude Bauries' testimony, arguing that he is not qualified as an expert in the area of FMLA and that his opinions either are not reliable or are irrelevant. [Record No. 37]

**II.**

Under Rule 702 of the Federal Rules of Evidence, an expert's opinion must satisfy three requirements to be admissible. First, the witness must be qualified by knowledge, skill, experience, training, or education. Second, the testimony must be relevant, meaning that it will assist the trier of fact to understand the evidence or to determine a fact in issue. Third, the testimony must be reliable. *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 529-30 (6th Cir. 2006). The Court assumes the role of a gatekeeper to determine that the testimony is reliable and relevant when a party's expert witness is challenged. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993).

If qualified, an expert may testify if his knowledge will aid the trier of fact and where his opinions are based on sufficient data, reliable methods, and the facts of the case. *Id.* Rejection of expert testimony under *Daubert* is the exception rather than the rule. *In re Scrap*

*Metal,* 527 F.3d at 530 (quoting Fed. R. Evid. 702 advisory committee notes); *see also Andler v. Clear Channel Broadcasting, Inc.*, 670 F.3d 717, 729 (6th Cir. 2012) (reversing district court in excluding an economic expert as unreliable, noting that the testimony would be helpful to the jury and the weaknesses in the expert's testimony would be subject to vigorous cross-examination); *Dilts v. United Group Servs.*, LLC, 500 F. App'x 400, 444 (reversing the district court's exclusion of an accident reconstruction expert's testimony as unreliable where the expert performed calculations and relied on methods generally employed in accident reconstruction); *Palatka v. Savage Arms, Inc.*, 535 F. App'x 448, 455 (6th Cir. 2013) (reversing a district court's exclusion of expert testimony as unhelpful, noting that factors he failed to consider in his opinion could be highlighted on cross-examination).

### A. Qualification

The defendants argue that the plaintiff has not shown that Bauries is an FMLA expert. [Record No. 37-1, p. 5] Banks claims that Bauries' *Curriculum Vitae* ("CV") demonstrates that he has sufficient expertise to be considered qualified as an FMLA expert. [Record No. 39, p. 6] She points out that Bauries teaches a course on employment law, has consulted on past FMLA calculations, has practiced in the employment law field, and has given presentations on FMLA and employment law. [*Id.*] Thus, Banks contends that this combination of education, knowledge, training and experience qualifies him to offer expert testimony concerning FMLA calculations. [*Id.*] When determining the admissibility of expert testimony, a court must first find that the expert is qualified. *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 293 (6th Cir. 2007). An expert is qualified by "knowledge, skill, experience, or education." Fed. R. Evi. 702.

Defendants rely on this Court's opinion in *United States v. Gallion*, 257 F.R.D. 141, 145 (E.D. Ky. 2009), for the proposition that an attorney, even with several decades of experience, may not qualify as an expert. But the defendants' reliance on that opinion is misplaced. In that matter, the party seeking admission had not offered evidence that the proposed expert had "ever written or spoken professionally on any of the issues that he seeks to offer opinions." *Id.* "Without these or other differentiating factors there is nothing to set apart [the proposed attorney expert witness] from any other lawyer with experience as an advocate in a particular area of law." *Id.*

Something more than experience in practice is needed to qualify an attorney as an expert in a given specialty. *Cicero v. Borg-Warner Automotive, Inc.*, 163 F. Supp. 2d 743, 749 n.7 (E.D. Mich. 2001). Here, Bauries' knowledge, experience and education separates him from other lawyers with experience in a particular area of the law. Bauries has written, spoken academically and professionally, and taught classes regarding employment law and the FMLA, and has been qualified previously as an FMLA expert witness. [*See* Record No. 39-9] This distinguishes Bauries from other attorneys who have solely practice experience in the area on which they are seeking to be considered an expert witness.

In short, when determining whether a witness is qualified to offer expert opinions, the court should not rely on labels, but upon a finding of competence that the particular witness would bring to the issues and whether it would assist the trier of fact. *Kingsley Associates, Inc. v. Del-Met, Inc.*, 918 F.2d 1277, 1286 (6th Cir. 1990) (citing *Mannino v. Int'l Mfg. Co.*, 650 F.2d 846, 850 (6th Cir. 1981). Banks identifies a combination of experience, skill, knowledge, and education demonstrating that Bauries is qualified to offer opinions concerning employment law

and the FMLA. The combined sum of Bauries' expertise shows that he is qualified. Additionally, any concern with Bauries' experience or credentials may be raised through cross-examination where questionable but admissible evidence should be attacked. *See Daubert*, 509 U.S. at 596.

### B. Reliability

The defendants next argue that Bauries' opinions should be excluded because they are unreliable. [Record No. 37-1, p. 6] They claim that, because his report was prepared solely for litigation, not peer reviewed, and based on incomplete data, his testimony should be excluded. [Record No. 37-1, pp. 6-9]

Courts are given "considerable leeway" in ascertaining the reliability of a proposed expert witness. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). However, an expert witness's opinion cannot be based solely on speculation. *Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 670 (6th Cir. 2010). Experts witnesses are not required to be "absolutely certain" when forming their opinion. Rather, they are allowed "wide latitude in their opinions, including those not based on firsthand knowledge, so long as the [the opinions they express have] a reliable basis in the knowledge and experience of the discipline." *Jahn v. Equine Servs., PSC*, 233 F.3d 382, 388 (6th Cir.2000) (quoting *Daubert*, 509 U.S. at 592). The defendants argue that Bauries' proposed testimony lacks reliability because it was prepared solely for litigation. It is true that if a purported expert's opinion was prepared solely for litigation, that fact may be considered a basis for exclusion. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012). And if the expert is found to be a "quintessential expert for hire," the party offering the

expert must show support regarding the expert's familiarity with the subject in question. *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 434 (6th Cir. 2007). But a proposed expert's opinion is not prepared solely for litigation when the expert is "testify[ing] about matters growing naturally and directly out of research [he] ha[s] conducted independent of litigation." *Id*. Therefore, if a witness has "extensive familiarity" with the subject to which he is seeking to offer an opinion, it will be admissible even if it was prepared only for litigation. *Id*. at 435.

While Bauries' report was prepared solely for litigation, he does not appear to be the "quintessential expert for hire," that typically raises suspicion. "Experts for hire" are typically experts who spend the majority of their time testifying in trials. *Id*. Bauries' CV states that he engages in several other activities relating to employment law as well as occasionally testifying as an expert in trials relating to FMLA calculations. [*See* Record No. 39-11.] While the fact that Bauries' report was prepared solely for litigation does raise a question regarding its reliability, that fact is not dispositive. *Hayes v. MTD Products, Inc.*, 518 F. Supp. 2d 898, 901 (W.D. Ky. 2007). Additionally, the defendants do not claim that Bauries' report is based on inaccurate facts, misstatements of law, or improper methodology. Further, as stated previously, Bauries has sufficient experience relating to employment law and the FMLA. The defendants can raise this issue during cross-examination, but it will not result in exclusion of his opinions at this stage of the litigation.

The defendants next claim that Bauries' opinions are not reliable because they were not submitted for peer review. The Supreme Court has noted that peer review and publication is taken into consideration when determining if scientific evidence is admissible under Rule 702.

*Daubert*, 509 U.S. at 593-94 (1993). However, the factors in *Daubert* may be of limited utility outside the context of scientific testimony. *United States v. Jones*, 107 F.3d 1147, 1158 (6th Cir. 1997). Indeed, "[t]he distinction between scientific and non-scientific expert testimony is a critical one." *Berry v. City of Detroit*, 25 F.3d 1342, 1349 (6th Cir. 1994). Here, a lack of peer review does not undercut the reliability of Bauries' testimony. FMLA calculations generally require reviewing the relevant documentation and utilizing the applicable statutes and regulations to determine how much FMLA leave is available. *See generally Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1126 (9th Cir. 2001). Peer review of this type of FMLA leave calculation would accomplish little more concerning reliability than what could be brought to light through the introduction of contrary evidence and thorough cross-examination.

The defendants also argue that Bauries' proposed testimony is not reliable because it does not reflect all of the relevant evidence to make a determination of FMLA leave. More specifically, they claim that because Bauries did not consider Banks' handwritten and typewritten notes concerning what days she took FMLA leave and the correspondence she had with the defendants, his proposed testimony is unreliable and should be excluded under Rule 702. [*Id.*] However, mere "weaknesses in the factual basis of an expert witness' opinion . . . bear on the weight of the evidence rather than on its admissibility." *United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir. 1993).

How Bauries arrived at his opinions may be questioned during trial, but it does not render his opinions inadmissable. His report states that his opinions are based on the pleadings, initial disclosures, written discovery requests, written discovery responses, and the deposition of

Defendant Allen, who was responsible for tracking Banks' FMLA absences. [Record No. 39-11, p. 4] Further, while the factual bases for Bauries' opinions may be challenged by the absence of Banks' notes, "it is not proper for the Court to exclude expert testimony merely because the factual bases for an expert's opinion are weak." *Andler*, 670 F.3d at 729 (quoting *Boyar v. Korean Air Lines Co., Ltd.*, 954 F. Supp. 4, 7 (D.D.C. 1996)). Instead, "[i]t is the responsibility of the jury to evaluate the expert's conclusions and to weigh the expert's evidence against the evidence presented by the parties." *Dilts*, 500 F. App'x at 446.

Bauries' proposed testimony does not bear any of the "red flags" that favor exclusion, such as "reliance on anecdotal evidence, improper extrapolation, failure to consider other possible causes, lack of testing, and subjectivity." *Newell Rubbermaid*, 676 F.3d at 527. Additionally, the defendants have not identified any portion of Bauries' report or proposed testimony that is based on inaccurate facts or any misstatement of law. Instead, Bauries' FMLA calculation is based on the defendants' own records and documents. [*See* Record No. 39-11.] The issues raised by the defendants concerning the reliability Bauries' opinion and testimony may weighed by the jury through the lens of direct and cross-examination, but they do not render the opinions or expected testimony inadmissible.

### C. Relevancy

The defendants also argue that Bauries' proposed testimony is not relevant because an average juror has the ability to make the same calculations as Bauries. To be relevant, expert testimony must "assist the trier of fact to understand the evidence or to determine a fact at issue." *United States v. Bonds*, 12 F.3d 540, 557 (6th Cir. 1993) (citing *Daubert*, 509 U.S. at 591).

Here, the calculation of FMLA leave is disputed. The remainder of FMLA time is central to Banks' claim of FMLA interference because, to prove a claim a FMLA interference, an employee must show that he or she was entitled to leave under the FMLA. *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005) (citing *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003)). Thus, the determination of how much FMLA leave Banks had at the time of her alleged termination is relevant to her claims.

Although the defendants argue that Bauries' opinions will not assist the trier of fact because his analysis is something that a jury would be capable of performing, the Court notes that tracking FMLA leave can be complicated, especially to a layperson. In fact, Defendant Allen, a human resources worker whose job responsibilities include calculating FMLA leave, testified that the calculation of Banks' leave would take her a day or more. [Record No. 39-3] Allen also stated that it can be "incredibly difficult" to determine how much leave had been taken. [Record No. 39-2]

Due to the nature of Banks' file, Defendant Allen testified that she had previously miscalculated Banks' FMLA leave on several occasions. At one point, Allen had given her too much leave and had provided Banks with inconsistent information regarding her remaining FMLA leave. [Record Nos. 39-4, 39-7] Allen also admitted that these calculations would have been more accurate if better records had been kept. [Record No. 39-8] In light of the defendants' difficulty in calculating Banks' leave time, it is fair to conclude that Bauries' testimony will assist the trier of fact in determining an issue relevant to the case.

### D. Improper Legal Conclusions

Finally, the defendants claim that Bauries' opinions contain improper legal conclusions. [Record No. 37-1, p. 11] In response, Banks argues that the ultimate legal question in her FMLA interference claim is whether her employer interfered with her right to take FMLA leave. [Record No. 39, p. 10] Thus, she asserts that FMLA calculation is merely a factual issue that is not an ultimate issue. [*Id.* at 11]

Generally, an opinion is not objectionable merely because it embraces an ultimate issue. Fed. R. Evid. 704(a). However, the issue embraced by the expert's opinion may not answer the final question of liability. *Berry*, 25 F.3d at 1353 ("It would have been easy enough for the drafters of the Federal Rules of Evidence to have said that a properly qualified expert may opine on the ultimate question of liability. They did not do so."). As opposed to different opinions on issues of fact which would require determination by a jury, issues of law are resolved by the Court. *See Baltimore & Carolina Line, Inc. v. Redman*, 295 U.S. 654, 657 (1935) ("issues of law are to be resolved by the court and issues of fact are to be determined by the jury under appropriate instructions by the court"). Therefore, expert testimony concerning issues of law is usually excluded. However, in narrow circumstances, when expert testimony assists in explaining legal concepts, and where such opinions are not inconsistent with the instructions to be given by the Court, limited expert opinion testimony is permissible. *Gallion*, 257 F.R.D. at 147.

To prove a claim of FMLA interference, a plaintiff must prove that: (1) she was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the

employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of her intention to take leave; and (5) the employer denied the employee FMLA benefits to which she was entitled. *Srouder*, 725 F.3d at 613. To make a calculation of FMLA leave time, one must examine the relevant documents and apply the pertinent statutes and regulations to ascertain the amount of leave to which an employee is entitled. Therefore, the determination of leave is a mixed question of law and of fact, requiring examination of the legal effect on a given set of facts.

The defendants argue that Bauries' proposed testimony contains legal conclusion that relate to the ultimate question of liability. However, issues other than the existence of FMLA time are needed to make a claim of FMLA interference. For example, a plaintiff can prevail under an interference theory if he or she was denied substantive rights under the FMLA for a reason connected with her FMLA leave. *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 961 (10th Cir. 2002). However, a reason for dismissal insufficiently related to FMLA leave will not be sufficient for recovery under an interference theory. *Id.* Further, an employer may lawfully dismiss an employee and prevent that employee from exercising rights under the FMLA if the employer would have terminated the employee regardless of the employee taking FMLA leave. *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 508 (6th Cir. 2006); *Arban v. W. Pub. Corp.*, 345 F.3d 390, 401 (6th Cir. 2003). Therefore, to state a claim of FMLA interference, more must be proven than a miscalculation of leave time.

Bauries concludes that Banks had 186.93 hours of FMLA leave time remaining as of May 30, 2012. [Record No. 39-11, p. 12] However, he also opines that Bosch failed to inform her

in a timely manner about the exhaustion of her leave. He indicates that, in light of Banks' suspension and termination, either of these facts constitutes a violation of the FMLA. [*Id.* at p. 1] While the calculation of leave time will be allowed, Bauries' opinions regarding failure of notice and violations of the FMLA will be excluded. Bauries' testimony concerning those matters speaks to liability in this matter by stating that Bosch breached the FMLA. And those opinions go to the ultimate question of liability that are not admissible under Rule 704.

### E. Leave to take Deposition

The defendants request leave to depose Bauries if the Court does not exclude his opinions in their entirety. They state that, while the disclosure was timely, it contained the old office addresses of counsel when the pleading was served. [Record No. 24] However, the disclosure was electronically filed within the deadline. [*Id.*] The defendants do not challenge the sufficiency of service on these grounds, but merely ask for an opportunity to depose Bauries. At this point, discovery has been completed and dispositive motions have been filed. To re-open discovery would result in unnecessary delay and expense and will not be allowed.

### IV.

For the reasons stated above, it is hereby

**ORDERED** as follows:

1. Defendants Bosch Rexroth Corporation, Dan Reynolds, Geoff O'Nan, and Valenda Allen's motion to exclude the expert opinion and testimony of Scott R. Bauries, J.D., Ph.D. [Record No. 37] is **GRANTED**, in part, and **DENIED**, in part. Bauries may testify

regarding the calculation of FMLA leave; however, all other opinions concerning the defendants' liability will be excluded.

2. The defendants' request for leave to depose Bauries [Record No. 37] is **DENIED**.

This 7th day of April , 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge