UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| LASHAUNNA BANKS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 12-345-DCR |
| ) | |
| V. ) | |
| ) | |
| BOSCH REXROTH ) | |
| CORPORATION, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff LaShaunna Banks has filed a motion seeking review of the Clerk's bill of cost. [Record No. 78] Following entry of summary judgment, Defendants Bosch Rexroth Corporation, Dan Reynolds, Geoff O'Nan, and Valenda Allen applied to the Clerk to recover $7,609.38 of taxable costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. [Record No. 74] The Clerk disallowed certain amounts and taxed costs totaling $5,579.14. [Record No. 77] The plaintiff's motion for review followed. For the reasons outlined below, plaintiff's motion will be denied.

Rule 54(d)(1) states, in part, that "costs - other than attorney's fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This "creates a presumption in favor of awarding costs, but allows denial of costs" in the court's discretion. *Knology, Inc. v. Insight Commc'ns Co.*, 460 F.3d 722, 726 (6th Cir. 2006) (quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)). Further, the court conducts a *de novo* review of the clerk's

conclusions regarding the awarding of costs. *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417-18 (6th Cir. 2005).

### A. Rule 54(d) v. Rule 59(e)

The defendants assert that the plaintiff has already been provided the opportunity to object to the bill of cost prior to the Clerk's decision. As a result, they argue that the plaintiff's motion should be considered as a motion for reconsideration under Rule 59(e). [Record No. 79, pp. 1-2] However, the defendants are incorrect. A motion for costs under Rule 54(d) does not "'alter or amend the judgment'" within the meaning of Rule 59(e). *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 267-68 (1988). As the Supreme Court noted in *Buchanan*, "[u]nder Rule 54(d), the 'prevailing party' automatically is entitled to costs 'unless the court otherwise directs.'" *Id.* at 268. Therefore, "[a]ssessment of such costs does not involve reconsideration of any aspect of the decision on the merits." *Id.* Further, the plain text of Rule 54(d)(1) states that "[o]n motion served within the next 7 days, the court may review the clerk's action." The motion to review in this case does not reach the underlying merits but pertains only to the Clerk's decision to award costs to the defendants. Thus, review under Rule 54(d) is appropriate.

### B. Indigence

The plaintiff argues that she is indigent and, as a result, should not be required to pay costs. [Record No. 78, pp. 1-2] "A party is indigent if she is incapable of paying the court-imposed costs at this time or in the future." *Tuggles v. Leroy-Somer, Inc.*, 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004). And the indigency of a losing party may be taken into consideration to overcome the presumption in favor of a cost award. *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). However, the Sixth Circuit has clearly indicated that a

"plaintiff's indigency does not prevent the taxation of costs." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). The losing party has the burden to demonstrate an inability to pay sufficient to overcome the strong presumption of cost recovery by the prevailing party.

In support of her claim of indigency, the plaintiff filed an affidavit stating that she has zero yearly income, is dependent upon the government for healthcare, and that an automobile is her only substantial asset. [Record No. 78-1] These arguments are not compelling. Some factors that other courts have taken into consideration when determining indigency include severe debt, inability to acquire a job due to disability, and having dependents. *See Abdulsalaam v. Franklin Cnty. Bd. of Comm'rs*, No. 2:06-CV-413, 2012 WL 1020292 (S.D. Ohio Mar. 26, 2012) (finding three defendants indigent when they had total debt of $165,000.00, limited income, and one of the defendants had a minor child); *Robinson v. City of N. Olmstead*, No. 193CV1203, 1997 WL 33169252 (N.D. Ohio May 12, 1997) (finding indigency where the defendant was elderly, unemployed for seven years, and collecting Social Security Benefits). None of these factors are present in this case. In short, the plaintiff has failed to show sufficient reasons why she would be unable to pay the awarded costs based on her claim of indigency.

### C. Second Deposition

The plaintiff objects to the Clerk allowing the cost of her second deposition. [Record No. 78, p. 3] The Clerk approved the cost of the transcript fee of the second deposition in the amount of $2,395.00 but denied the sum of $925.00 resulting from videotaping and video-text synchronization of the deposition. [Record No. 77, p. 3] With respect to these expenses, the Sixth Circuit has held that "there is no question that deposition expenses may be taxed as costs." *Baker v. First Tenn. Bank Nat'l Ass'n*, 142 F.3d 431, *3 (6th Cir. 1998)

(unpublished). Ordinarily, the costs of taking and transcribing depositions "reasonably necessary" for litigation are permitted to the prevailing party. *Id.* (citing *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989)).

The defendants are entitled to recover those costs approved by the Clerk concerning the plaintiff's second deposition. The second deposition occurred after the Court reopened discovery for the express purpose of continuing that deposition. [Record No. 36] Further, it was used by the defendants in support of their successful motion for summary judgment. The second deposition was necessary and the defendants are entitled to recover the cost assessed by the Clerk.

### D. Request to Stay

The plaintiff asks the Court to defer any determination regarding costs until her appeal before the Sixth Circuit is decided. [Record No. 78, pp. 2-3] Banks does not cite any controlling authority in support of her position. Further, the Sixth Circuit has not addressed the issue directly. However, other courts have found that costs may be awarded despite a pending appeal. *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994); *Singleton v. Select Specialty Hosp.-Lexington, Inc.*, No. 5:07-230-JMH, 2009 WL 1636177, at *4 (E.D. Ky June 10, 2009) ("District Courts have authority to tax costs after a judgment is entered despite an appeal being taken.").

In the present case, it is more efficient to address the issue of costs at this time than to await a final ruling from the Sixth Circuit regarding Banks' pending appeal on the merits of the case. An order for costs is a "final appealable order from which a new appeal [may] be taken." *Jackson-El v. Van Ochten*, 927 F.2d 604, *1 (6th Cir. 1991) (unpublished). If the Court were to stay consideration of the issue, a second appeal regarding costs could follow

the Sixth Circuit's decision on the current appeal, thus unnecessarily prolonging the litigation. Additionally, addressing the pending motion at this time will allow the plaintiff to consolidate any potential appeal regarding costs with her appeal on the merits. *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000).

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. The plaintiff's motion to review the Clerk's taxation of costs [Record No. 78] is **DENIED**.

2. The defendants are awarded $5,579.14 in costs consistent with the Clerk's decision. [Record No. 77]

This 3rd day of September, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge